**No. 58157.**—Westfeldt Brothers *v*. United States, petition 6970–R (New Orleans).

Opinion by JOHNSON, J. From the testimony, it appeared that the petitioner in this case, the broker, had advised the importer to make sure that the entered value represented the proper dutiable value; that the importer was in constant touch with the shipper, notifying the broker when a change of value was necessary; and that, when the values of certain entries had been questioned by the appraiser, the importer requested that the appraisement be withheld until the invoice values could be substantiated. A conference was held with the appraiser, which resulted in the invoice value of one entry being accepted as the proper foreign value, but other evidence was rejected as to the foreign value, since the appraiser had found a higher export value. An appeal for reappraisement was taken, and the trial court found that the export value of the merchandise was actually higher than the foreign value (Reap. Dec. 7857). In A. R. D. 10, the appellate division affirmed the trial court, holding the export value returned by the appraiser to be the proper value for the merchandise. From a careful consideration of the evidence, the court held that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 58158.**—Jerome L. Miller *v*. United States, petition 7119–R (New York).

Opinion by JOHNSON, J. At the trial, it was established that the importer, the Ideal Toy Corp., had an agreement with the Government examiner that it would have an opportunity to amend entries upon musical movements; that the merchandise in question was purchased in the name of the president of the corporation, rather than in the corporate name; and that when the examiner was given all of the information which the importer had obtained from the shipper as to the value, the examiner sent notices to amend the other entries but not the entry in question, because he did not realize that this entry was part of the same shipments to the Ideal Toy Corp. From the evidence presented, it was held that there was no intent to defraud the revenue of the United States or to mislead the appraiser as to the value of the merchandise. The petition was therefore granted.